[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 06-11995 & 06-12032
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00425-CR-ODE-1 & 05-00319-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEONARD MCDOW,
a.k.a. Louis Shagville Johnson,
a.k.a. Chavez,
a.k.a. Lou,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 8, 2006)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Appellant pled guilty under separate plea agreements to Count Two of an indictment transferred to Northern District of Georgia, which charged him with a 18 U.S.C. § 846 conspiracy to possess with intent to distribute marijuana in violation of 18 U.S.C. § 841(a), and Count One of an information filed in the Northern District of Georgia, which charged him with possession with intent to distribute cocaine in violation of 18 U.S.C. § 841(a). Both plea agreements contained a waiver of appeal clause that allowed appellant to appeal his sentences only if there was an upward departure from the sentencing guideline range, a finding of an offense level greater than 37, or a finding of a criminal history category greater than II. He now appeals his sentences.

Appellant first argues that the district court erred in calculating his offense level because it applied a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. The two-level increase brought his calculated offense level to 37. His second argument is whether the district court erred in calculating his criminal history score when it found two of his prior sentences were unrelated under U.S.S.G. § 4A1.2. The Government responds that he waived his first point pursuant to the appeal waivers in his plea agreements.

We review the validity of an appeal waiver provision of a plea agreement de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). We

2

have recognized that "[p]lea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir.), cert. denied, 126 S.Ct. 416 (2005). An appeal waiver is valid if it was entered into knowingly and voluntarily. Bushert, 997 F.2d at 1350. For an appeal wavier to be enforced, the government must show that either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea hearing], or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351.

In this case, the appeal waiver was knowing and voluntary because the district court specifically questioned appellant about the appeal waivers in both plea agreements during each plea hearing, and he indicated that he understood both waivers. Because his offense level was not greater than 37, and no other exception applies, the appeal waiver is effective. As such, it is unnecessary to discuss the merits of appellant's first argument.

Appellant's second argument is that the district court erred in finding that the two prior sentences were unrelated under U.S.S.G. § 4A1.2. The Government concedes that he did not waive this issue because his criminal history category was more than II. We review for clear error the finding that prior convictions are

3

unrelated under § 4A1.2.  United States v. Mullens, 65 F.3d 1560, 1565 (11th

Cir.1995).  In calculating a criminal history score, points are accumulated for each

unrelated "prior sentence."  U.S.S.G. §§ 4A1.1(a)-(c).  According to the Guidelines

Commentary:

> Prior sentences are not considered related if they were for offenses
> that were separated by an intervening arrest (i.e., the defendant is
> arrested for the first offense prior to committing the second offense).
> Otherwise, prior sentences are considered related if they resulted from
> offenses that (A) occurred on the same occasion, (B) were part of a
> single common scheme or plan, or (C) were consolidated for trial or
> sentencing.

U.S.S.G. § 4A1.2, comment. (n.3).  The language in Application Note 3 makes

clear that in determining whether cases are related, "the first question is always

whether the underlying offenses are separated by an intervening arrest."  United

States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003).  "This inquiry is

preliminary to any consideration of consolidated sentencing, as reflected by use of

the word 'otherwise.'"  Id. at 1323.

Appellant was arrested for simple battery and obstruction prior to

committing the second offense, bail jumping.  Therefore, the bail jumping offense

resulted in an intervening arrest that precludes a finding that the cases are related,

even though they were consolidated for sentencing and regardless of whether they

were part of a single common scheme or plan.  Thus, the district court did not err

in treating the two prior sentences separately and assigning criminal history points to each.

Appellant's sentences are

**AFFIRMED.**

5